Filed 8/26/24  Rastegar & Matern v. Matern Law Group CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| RASTEGAR & MATERN, ATTORNEYS AT LAW,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MATERN LAW GROUP, PC, et al.,<br><br>    Defendants and Appellants. | B322699<br><br>(Los Angeles County Super. Ct. No. 22STCV06275) |

APPEALS from orders of the Superior Court of Los Angeles County, Jon R. Takasugi, Judge. Affirmed.

Valensi Rose, David Krol and Jessica M. Stemple for Defendants and Appellants.

Klapach & Klapach, Joseph S. Klapach for Plaintiff and Respondent.

# INTRODUCTION

This action involves a dispute over attorneys' fees awarded in a class action lawsuit. Matern Law Group (MLG) and Matthew Matern (Matern) (collectively, defendants) appeal from an order denying their special motion to strike the complaint under Code of Civil Procedure section 425.16, the anti-SLAPP statute.[1] Defendants also separately appeal from an order awarding sanctions against them for filing a frivolous anti-SLAPP motion.[2] We conclude defendants did not meet their burden of demonstrating the conduct forming the basis of the underlying complaint involved protected activity within the meaning of section 425.16, and the trial court did not abuse its discretion by awarding sanctions. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. The Complaint's Allegations

The complaint alleges the following facts. In 1992, Matern and Farzad Rastegar (Rastegar) founded a general partnership, which was the predecessor of plaintiff Rastegar & Matern, Attorneys at Law, APC (R&M). Rastegar and Matern founded R&M in 1999, replacing the prior general partnership. Matern and Rastegar were at all times relevant equal shareholders, directors, and officers of R&M. Rastegar and Matern agreed that

---

1 SLAPP is the acronym for strategic lawsuit against public participation. All further undesignated statutory references are to the Code of Civil Procedure.

2 Valensi Rose, PLC (Valensi Rose), defendants' counsel of record, also appeals from the order awarding sanctions. On March 13, 2023, this court granted the parties' request to consolidate case numbers B322699 and B324826 for all purposes.

"all of the net profits of [ ] R&M with respect to cases upon which it was retained as counsel would be divided evenly, regardless of the respective time and/or work performed by either [ ] Matern or Rastegar."

In November 2006, R&M filed a class action complaint in the Los Angeles Superior Court bearing the caption *Martinez v. ABM Industries, Inc*., LASC Case No. BC362540 (*Martinez*). In 2007, *Martinez* was coordinated with two related cases pending in the San Francisco County Superior Court. The coordinated cases became collectively known as the *ABM Industries Overtime Cases*, JCCP No. CJC-07-004592. R&M has allegedly been class counsel for plaintiffs in the consolidated action at all relevant times.

In 2015, Matern formed his own separate law firm called MLG.[3] He remained a shareholder, director, and officer of R&M.

In 2018, the trial court in *ABM Industries Overtime Cases* granted a motion for class certification and appointed as class counsel "Matthew J. Matern of Rastegar & Matern APC" and attorneys of two other law firms.

After the *ABM Industries Overtime Cases* had been pending for nearly 15 years, the parties reached a settlement. Shortly after the settlement had been reached, Matern and MLG allegedly "unilaterally, and without the consent of [R&M], filed with the trial court a 'Notice of Association of Counsel' indicating that [Matern and MLG] were 'associated as counsel for Plaintiffs' in the case." This unilateral association of counsel allegedly was "contrary to the agreement between [ ] Matern and Rastegar and

---

3      The complaint alleges that "[a]ccording to [ ] Matern, [ ] MLG had previously been known as the Law Offices of Matthew J. Matern and then, subsequently, as Matern Law Group."

a breach of [ ] Matern's fiduciary duties to [R&M]." R&M allegedly learned, through Rastegar, that the original draft of the settlement agreement identified R&M as class counsel "but was changed, at the direction of Defendant MLG and its employees, to identify Defendant MLG as class counsel even though MLG had never been appointed by the Court in the *ABM Industries Overtime Cases* as Class Counsel."

The complaint further alleges that "[s]ubsequent to the attempted association of counsel, [ ] Matern has consistently and uniformly represented to Rastegar, co-counsel in the *ABM Industries Overtime Cases*, defense counsel in the *ABM Industries Overtime Cases*, and the Court his intention to seek attorney's fees on behalf of Defendant MLG, in a direct breach of his fiduciary duties to Plaintiff R&M and in a clear breach of Defendant Matern's agreement with Rastegar regarding the distribution of the fees from the *ABM Industries Overtime Cases*." As an example of "Matern's representations regarding his continued efforts to breach his fiduciary duties to R&M[,]" the complaint quotes excerpts of declarations submitted by Matern in the *ABM Industries Overtime Cases* in which he declared, among other things, "all [Matern's] efforts in litigating this matter were by and through MLG[.]"

Based on these allegations, R&M sued Matern and MLG for breach of contract and breach of fiduciary duty, and MLG for intentional interference with prospective economic relations and negligent interference with economic relations.[4]

---

4    According to Rastegar's declaration in support of R&M's opposition to the anti-SLAPP motion, after R&M filed the complaint in this matter, the court in the *ABM Industries*

4

## B.    The Special Motion to Strike

Defendants moved to strike the complaint under the anti-SLAPP statute. They contended the complaint should be stricken because it is based on conduct arising solely out of defendants' litigation conduct and statements and thus, they argued, the conduct is protected under both the anti-SLAPP statute (specifically, section 425.16, subdivision (e)(1),(2) & (4)) and the litigation privilege (Civ. Code § 47, subd. (b).).

In opposition, R&M argued the underlying conduct giving rise to its claims is defendants' attempt to wrongfully take and divert attorneys' fees from R&M while Matern continues to be an officer of R&M. The court filings referenced in the complaint (i.e., the declarations and notice of association of counsel), according to R&M, are merely evidence of defendants' wrongdoing, not the wrongdoing itself.

After a hearing on the special motion to strike, the trial court denied the motion. The trial court held R&M's "claims here are not based on the act of filing declarations with the Court. Rather, [R&M's] claims are based on the Defendants' alleged improper taking of attorney fees, which is evidenced by declarations filed in the underlying litigation." The trial court therefore denied the motion, concluding: "Defendants have not

---

*Overtime Cases* issued a final order approving the settlement agreement, and awarded attorneys' fees in the total amount of $46,666,666.00 to class counsel. Matern and other appointed class counsel mediated the division of attorneys' fees and "agreed that 'MLG/[R&M]' would be awarded 25% of the total amount [i.e., $11,666,666.00]" of attorneys' fees awarded by the court. The fees allocated to MLG/R&M are currently being held in trust by Rust Consulting, the class administrator, for distribution pending the resolution of this dispute.

met their burden to show [R&M's] claims arise out of protected activity."

Defendants timely appealed.

## C. Motion for Sanctions

Following the trial court's denial of defendants' motion to strike, R&M filed a motion seeking sanctions in the amount of $34,140.50 against Matern, MLG, and their attorneys of record, Valensi Rose, for allegedly filing a frivolous motion. The trial court granted the motion, reasoning: "Plaintiff's claims are based on the Defendants' alleged improper taking of attorney fees. It is frivolous to argue that Plaintiff's claims arise from protected activity simply because Plaintiff offers court filings as evidence of the improper taking. Such a rule would leave courts effectively unable to resolve disputes between firms over fees accrued by their respective attorneys." The court then found the requested hourly rate and hours billed to be unreasonable, and thus awarded fees in the reduced amount of $7,000 and costs in the amount of $386.50.

Defendants and Valensi Rose timely appealed from the order awarding sanctions.

## DISCUSSION

## A. The Anti-SLAPP Statute and Standard of Review

SLAPP suits are "generally meritless suits brought by large private interests to deter common citizens from exercising their political or legal rights or to punish them for doing so." (*Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, 816, disapproved on another ground in *Equilon v. Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68.) To combat these types of suits, the Legislature enacted section 425.16—known as the anti-SLAPP

6

statute—to provide a procedural remedy to dispose of lawsuits or individual causes of action brought to chill the valid exercise of a person's constitutional rights. (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1055-1056; see *Baral v. Schnitt* (2016) 1 Cal.5th 376, 395; § 425.16, subd. (b)(1).)

The anti-SLAPP statute requires a two-step process: first, the moving party must establish that the lawsuit's claims are based on activity protected by the statute. (*Briganti v. Chow* (2019) 42 Cal.App.5th 504, 508.) If the defendant meets that burden, the burden shifts to the plaintiff to demonstrate that each challenged claim based on protected activity is legally sufficient and factually substantiated. (*Ibid.*) "'[W]ithout resolving evidentiary conflicts,'" the court must determine whether the plaintiff's showing, if accepted by the trier of fact, would be sufficient to sustain a favorable judgment; if not, the claim is stricken. (*Ibid.*) "In making these determinations the court considers 'the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.' (§ 425.16, subd. (b)(2).)" (*Briganti*, *supra*, at p. 508.)

We review the trial court's decision to grant or deny an anti-SLAPP motion de novo. (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788.)

## B. Defendants Failed to Meet Their Burden of Demonstrating Protected Activity Forms the Basis of R&M's Claims

Defendants contend R&M's claims are based on filings in court (a notice of association of counsel and declarations of Matern) in the *ABM Industries Overtime Cases*. It follows, according to defendants, that R&M's claims are based on protected activity under section 425.16 subdivision (e)(2), (e)(3),

7

and/or (e)(4) as statements made "before a judicial proceeding", and/or "in connection with an issue under consideration or review by a judicial body", and/or "any other conduct in furtherance of the constitutional right of free speech in connection with a public issue or an issue of public interest." R&M does not dispute that statements, writings and pleadings in connection with civil litigation constitute protected petitioning activity under the anti-SLAPP statute. It counters, however, that the underlying conduct giving rise to R&M's claims is defendants' attempt to wrongfully take and divert R&M's attorneys' fees, not the court filings. We agree with R&M. As discussed below, defendants failed to meet their burden of demonstrating that the litigation activity itself (i.e., the notice of association of counsel and declarations) provides the basis for defendants' alleged liability.

Anti-SLAPP motions may only target claims "arising from any act of [the defendants] in furtherance of the [defendants'] right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue . . . ." (§ 425.16, subd. (b)(1).) Our Supreme Court has considered "the relationship a defendant must show between a plaintiff's claim and the sorts of speech on public matters the Legislature intended to protect." (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1062 (*Park*).) The *Park* court explained that the focus of the first-prong of the anti-SLAPP analysis is "on determining what 'the defendant's activity [is] that gives rise to his or her asserted liability—and whether that activity constitutes protected speech or petitioning.'" (*Id.* at p. 1063.) "[A] claim is not subject to a motion to strike simply because it contests an action or decision that was arrived at following speech or petitioning activity, or that was

8

thereafter communicated by means of speech or petitioning activity. Rather, a claim may be struck only if the speech or petitioning activity *itself* is the wrong complained of, and not just evidence of liability or a step leading to some different act for which liability is asserted." (*Id*. at p. 1060, italics in original.) "In short, in ruling on an anti-SLAPP motion, courts should consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability." (*Id*. at p. 1063.)

Applying these principles, we agree with the trial court that defendants' alleged wrongful activity giving rise to their asserted liability does not constitute protected speech or petitioning. Rather, the notice of association of counsel and declarations "merely . . . provide evidentiary support for the claim[s]." (*Park, supra*, 2 Cal.5th at p. 1064.)

R&M's first cause of action for breach of contract is based on allegations that Rastegar and Matern agreed "that all of the net profits of Plaintiff R&M with respect to cases upon which it was retained as counsel would be divided evenly, regardless of the respective time and/or work performed by either Defendant Matern or Rastegar." Defendants allegedly breached the agreement by "attempting to exclude Plaintiff R&M as class counsel[,]" as evidenced by MLG's filing of the notice of association in the *ABM Industries Overtime Cases*, and Matern "continues to breach[ ] his obligations to Plaintiff R&M by acting against the best interests of the corporation." The crux of the allegations in support of its breach of contract claim, therefore, is that Matern failed to comply with the partnership agreement to distribute fees on a 50/50 basis.

9

The second cause of action for breach of fiduciary duty is based on allegations that as a director and officer of R&M, Matern owes R&M fiduciary duties of care, loyalty, confidentiality, and good faith. Matern allegedly breached those duties by failing to act in the best interests of R&M and improperly seeking to claim work as performed on behalf of MLG when it was in fact performed on behalf of R&M.

The third and fourth causes of action for intentional and negligent interference with prospective economic relations are based on allegations that MLG knew of the relationship between R&M and Matern and, despite this knowledge, "MLG, by and through Defendant Matern, represented that it was appointed class counsel in the *ABM Industries Overtime Cases*" so "it could obtain a large portion of the attorneys' fees . . . that would have otherwise been owed to Plaintiff R&M."

In sum, the petitioning activities—the notice of association of counsel and Matern's declarations filed in support of MLG's attorneys' fee motion—are "not the wrongs complained of" in support of R&M's claims, as defendants contend. Instead, those documents are *evidence* of defendants' alleged wrongful scheme to misappropriate R&M's attorneys' fees awarded in the *ABM Industries Overtime Cases* for themselves. Stated differently, R&M seeks no relief from defendants for their communicative acts, but rather for their alleged wrongful scheme to divert attorneys' fees from R&M. (See *Park, supra*, 2 Cal.5th at p. 1066 ["while [the alleged wrongful conduct] may be carried out by means of [protected] speech . . . , [this] circumstance [does not] transform[ ] [the] suit to one arising from speech"].)

Defendants' attempt to distinguish the cases relied upon by the trial court, *Gaynor v. Bulen* (2018) 19 Cal.App.5th 864

10

(*Gaynor*) and *Greco v. Greco* (2016) 2 Cal.App.5th 810 (*Greco*), is unavailing. In *Gaynor*, the beneficiaries of a family trust sued a de facto trustee (defendant) for attempting to unfairly distribute trust funds. (*Gaynor, supra*, 19 Cal.App.5th at p. 869.) According to the beneficiaries, the defendant and other trustees breached their fiduciary duties by implementing a plan to benefit one class of beneficiaries over another, and by wrongfully withdrawing trust assets to initiate and defend probate petitions to convince the probate court to adopt their plan. (*Id*. at pp. 873-874.) In response, the defendant filed an anti-SLAPP motion, contending the beneficiaries' claims arose out of the filing of probate litigation. (*Id*. at p. 875.) The trial court denied the special motion to strike, and the Court of Appeal affirmed (*id*. at pp. 875-876, 888), concluding the beneficiaries' claims "were predicated on [the defendant] taking actions to favor himself to the detriment of the [trust] beneficiaries." (*Id*. at p. 879.) Although the beneficiaries' complaint included allegations regarding the improper use of probate litigation, the court concluded those allegations "merely reflected the manner in which the [other trustees and the defendant] implemented their alleged wrongful plan to alter the trustee succession rules to favor their own interests." (*Ibid*.) While recognizing the legal filings were protected activities, the court explained that "[a]lthough the alleged breach of loyalty may have been carried out by the filing of probate petitions, it was not the petitioning activity itself that is the basis for the breach of fiduciary claim." (*Id*. at p. 880.)

Similarly, in *Greco*, a trust beneficiary sued the trustee for elder abuse, breach of fiduciary duty, constructive fraud, and conversion for using trust funds to pursue litigation against the beneficiary. (*Greco, supra*, 2 Cal App.5th at pp. 816-817.) The

11

Court of Appeal held the beneficiary's claims (other than the fraud claim) did not arise out of protected activity, reasoning: "The *activity* that gave rise to [the trustee's] asserted liability was the taking" of the trust funds, whereas "[f]unding the litigation solely to pursue a vendetta was the *reason* the activity (i.e. the taking) was allegedly wrongful." (*Id.* at pp. 823-824, italics in original.)

Defendants argue *Gaynor* and *Greco* are inapplicable because "those cases involved trustee surcharge petitions based upon the actual taking of funds, whereas here no funds were ever taken." This argument misses the point. R&M's claims are based on allegations that Matern continues to breach his contractual and fiduciary duties to collect and distribute R&M's fees equally between Rastegar and Matern by continuing to divert R&M's fees to himself and MLG. That the money has not been "taken" because it is being held in trust pending the resolution of this dispute does not change the analysis.

Accordingly, we conclude defendants failed to meet their burden to show their conduct fell within the ambit of section 425.16, subdivision (e)(2),(e)(3), or (e)(4). The trial court, therefore, properly denied defendants' special motion to strike.

## C. The Trial Court Did Not Abuse Its Discretion By Awarding Sanctions In Favor of R&M

Under section 425.16, "[i]f the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion." (§ 425.16, subd. (c)(1).) "'Frivolous in this context means that any reasonable attorney would agree the motion was totally devoid of merit.'" (*L.A. Taxi Cooperative, Inc. v. The Independent Taxi*

12

*Owners Assn. of Los Angeles* (2015) 239 Cal.App.4th 918, 932.) "'An order awarding attorneys' fees pursuant to section 128.5, as incorporated in section 425.16, subdivision (c), is reviewed under the abuse of discretion test. [Citation.] A ruling amounts to an abuse of discretion when it exceeds the bounds of reason, and the burden is on the party complaining to establish that discretion was abused.'" (*Alfaro v. Waterhouse Management Corp.* (2022) 82 Cal.App.5th 26, 36-37 (*Alfaro*).)

As discussed above, in its written ruling imposing sanctions, the trial court found "[i]t is frivolous to argue that [R&M's] claims arise from protected activity simply because [R&M] offers court filings as evidence of the improper taking. Such a rule would leave courts effectively unable to resolve disputes between firms over fees accrued by their respective attorneys." Defendants argue the trial court's reasoning is flawed because R&M could have brought "an equitable declaratory relief action without running afoul of the anti-SLAPP statute" and thus, courts would still be able to resolve disputes between firms over attorneys' fees. Even if true, however, that fact alone does not demonstrate the trial court "exceed[ed] the bounds of reason" (*Alfaro, supra*, 82 Cal.App.5th at p. 37) in finding that any reasonable attorney would agree that defendants' anti-SLAPP motion was devoid of merit.

We likewise reject defendants' argument that the award should be reversed because it failed to identify the party or attorney who was required to pay the award. R&M moved for sanctions against defendants and their counsel "jointly and severally," and the trial court granted the motion in the reduced amount of $7,386.50. It is clear, therefore, that the trial court

13

ordered defendants and their counsel to pay the amount awarded.[5]

## DISPOSITION

The orders are affirmed. R&M is awarded its costs on appeal.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

CURREY, P. J.

We concur:

COLLINS, J.

ZUKIN, J.

---

5    Neither party challenges the amount of the award.

14